**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **KAREN OCASIO CABRERA, ESQ.** | **CIVIL NO.:** 2026 - _____ |
| PLAINTIFF, | |
| V. | **TRIAL BY JURY DEMANDED** |
| **SBSMN, LLC A/K/A SÁNCHEZ BETANCES, SIFRE & MUÑOZ-NOYA & UNKNOWN INSURANCE COMPANY** DEFENDANTS. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Karen Ocasio Cabrera, Esq., represented by the undersigned counsel, and very respectfully alleges and prays as follows:

1. This is an action for wrongful termination of employment, retaliation, and discrimination based on age and sex. This, Court has federal question jurisdiction based upon the "Age Discrimination Employment Act" ("ADEA"), 29 U.S.C. 621 et seq. as amended and based upon Title VII of the Civil Rights Act of 1964, 42 U.S. C. 2000-E ("Title VII) as amended by The Civil Rights Act of 1991, amending 42 U.S. C. 1981, ("CRA of 1991") and under 28 U.S.C. 1331, 1343, 2201 and 2202. (federal question and federal civil rights legislation)

2. This Court has supplemental jurisdiction to entertain Puerto Rico law claims arising under the same set of operative facts. The Puerto Rico law claims brought in this action are based upon: Law 100 of June 30th, 1959, as amended, 29 Laws of P.R. Anno. 146 et seq, ("Law 100"); Law 69 of July 6th, 1985, as emended, 29 Laws of P.R. Anno. 1321 et seq. ("Law 69") Law 80-1976, as amended 29 Laws of P.R. Anno. 185a et seq ("Law 80") and Law 115 of December 20th, 1991 an amended 29 Law of P.R. Anno. 194 et. seq. ("Law 115").

3. The necessary procedural and administrative requirements to bring this action have been satisfied.

4. The proper venue is in this Court.

5. Plaintiff, Karen Ocasio Cabrera, Esq. ("Attorney Ocasio") is an attorney duly licensed to practice law in Puerto Rico, of legal age, U.S. citizen, married and resident of Puerto Rico.  She is an individual protected by the federal and local laws invoked in this action.  She was born on 1954.

6. Defendant SBSMN, LLC known as Sánchez Betances, Sifre and Muñoz Noya, ("SBSMN"; "law firm") is a corporate entity created and authorized to operate under the laws of Puerto Rico and has a partnership that includes labor law attorneys.  It is a firm providing legal services and is an employer as defined by the federal and local laws invoked in this action.

7. Attorney Ocasio was the most senior attorney of SBSMN aside the law firm's partnership. The law firm's entity name has changed several times, the law firm's W-2 Forms most recently lists the legal entity as SBSMN, LLC.

8. Attorney Ocasio was illegally, discriminatorily and retaliatorily terminated from her employment on February 12th, 2025.

9. Attorney Ocasio joined the law firm in January 1988.  Since then was continuously employed by it for 37 years.

10. Upon Attorney Ocasio's termination no statutory severance payment was effected.  Her highest salary in her last three (3) years of tenure was $107,687.  The statutory severance pay under Law 80 in this case is approximately $300,000, representing the salary of six (6) months and the salary equivalent to one hundred eleven (111) weeks.

2

11.     Attorney Ocasio's termination was not preceded by any conversation, investigation, inquiry or progressive discipline process at all.  The law firm did not tender a termination letter. In short, this termination was without just cause.

12.     Throughout Attorney Ocasio's 37-year tenure she never received any indication of poor performance nor disciplinary actions.

13.      On the day of Attorney Ocasio's unjust termination Attorneys Angel Muñoz Noya and Luis Ferrer Medina (labor attorneys and partners of the law firm) told Attorney Ocasio that she was being terminated due to a comment she allegedly made about an employee of the law firm's client, a Hospital institution, ("the client") and that due to said comment the client requested that she be removed from providing services to said client.

        Specifically, Attorneys Muñoz Noya and Ferrer Medina told Attorney Ocasio that she had commented that the mentioned client's Human Resources Director was going to be terminated.

        Attorney Ocasio never said this alleged comment.  The comment is not truthful and was being used as a pretext to cover up illegal discrimination and retaliation.

        Without any further investigation into the alleged comment, the law firm decided to terminate Attorney Ocasio's employment.

14.     When terminated on February 12th, 2025 Attorney Ocasio was removed from the law firm's premises without the opportunity to provide a transition plan for any of her pending matters or to contact clients she advised for decades.

15.     Attorneys Ferrer Medina took away Attorney Ocasio's office beeper and office keys,  and Ferrer Medina escorted her to her vehicle in the office building's basement.  No other law firm employee has ever been terminated in this fashion.

16. Attorney Muñoz Noya and Ferrer Medina stressed that, because of Attorney Ocasio's alleged comment, the client cancelled its contract with SBSMN, LLC for matters related to labor and health law. That was false. The client had retained new legal representative but for reasons unrelated to Attorney Ocasio.

17. Attorney Ocasio did not make the alleged comment about the client's Human Resources Director, and in fact, the Human Rights Director held Attorney Ocasio in high esteem. Together, the Human Resources Director and Attorney Ocasio have teamed up to handle complex labor relations projects, union negotiations, arbitrations, administrative and judicial cases on behalf of the client. They both developed a very close professional relationship. The Human Resources Director would constantly seeked out Attorney Ocasio's advice.

18. Attorney Ocasio' litigation success for the client since 2004 had led to an almost 100% success rate in favor of the client.

19. Attorney Ocasio had only received positive feedback from the client's management. In fact, the same week of her termination the Supreme Court of Puerto Rico issued a favorable decision for the client by dismissing a sensitive claim against the client which was handled by Attorney Ocasio. The Human Resource Director sent Attorney Ocasio an email thanking her for her efforts on this successful matter.

20. Contrary to Attorneys Muñoz Noya and Ferrer Medina's comments that the client did not want Attorney Ocasio's further involvement in their cases, the client asked Attorney Ocasio to meet with the client's new legal representation for labor matters. The client's decision to hire of new counsel for its labor law matters had nothing to do with Attorney Ocasio's conduct or performance. In addition, the client acquired Attorney Ocasio's services in October 2025 as an independent contractor for labor and health law matters.

4

21.     Attorney Ocasio's termination was the culmination of continuous hostile harassment and pervasive discriminatory conduct by SBSMN, LLC and also constitutes illegal retaliation.

22.     Attorney Ocasio was the most senior attorney in the law firm outside of the partnership and was never offered a supervisory or partnership position even though she was constantly assigned to complex cases and had to orient and assist other attorneys due to their lack of experience in labor law related matters.

23.     Attorney Ocasio for many years remained physically isolated from the rest of the lawyers in the law firm.  Multiple times she requested to be assigned to an office near the other labor lawyers, but to no avail.

24.     Younger less experienced attorneys were promoted to junior partners and Attorney Ocasio was never considered for the role of a junior partner nor for partnership.

25.     Defendant SBSMN, LLC has only male partners.

26.     Defendant SBSML, LLC's partners constantly were commenting that the law firm needed younger people and "new blood".

27.     Defendant SBSMN, LLC merged with another law firm and leapfrogged younger attorneys (including two (2) sons of the founding attorney, Luis Sánchez Betances, Esq.) to the top of the law firm's seniority ranks to assume leadership positions and partner.

28.     The law firm changed its medical insurance plan without notice to Attorney Ocasio and asked her to request Medicare benefits, with the adverse impact of reducing her benefits and compensation due to her age.

29.     Attorney Luis Sánchez Betances (one of the principal partners of this law firm) commented in front of other employees to Attorney Ocasio that she should abandon the medical plan provided by the law firm to all employees.

5

30.     Another partner, Ferrer Medina, made comments to Attorney Ocasio one day, early in the morning, in front of the elevator in the basement of the building, to intimidate her because of her comments to Mrs. Raquel Ortiz Ojeda, the law firm's office administrator, as to the discriminatory action taken by the law firm against her.

Attorney Ocasio engaged in a protected activity and was retaliated against because of it.

31.     When Attorney Ocasio spoke with Mrs. Ortiz Ojeda about the insurance changes and expressed that it was discrimination against Attorney Ocasio, Mrs. Ortiz Ojeda responded that the adverse employment action made sense because otherwise younger employees would have to shoulder the burden for older employees in the office's medical insurance plan.

32. The stated reasons for the adverse actions were pretextual and inconsistent with plaintiff's work history .

33.     Defendants acted willfully by deleting documents of the client before the dismissal. Also defendant had a duty to preserve all relevant electronically stored information of the clients.

34.     Defendant provided full health coverage but required the plaintiff to pay higher premiums for the same coverage even though duties were identical to other employees who had less seniority and experience. Defendant demanded a higher contribution to the health plan, which was solely based on employee age, which constituted an unequal treatment and age discrimination.

35.     Plaintiff had a wage differential lower when compared to male peers. Plaintiff was discriminated against by age and gender, including unequal pay and exclusion from professional and social meetings.

36.     Plaintiff demands a trial by jury for all causes of action and the following remedies:

A.   To enter declaratory judgment stating that the acts outlined herein are in violation of ADEA, Title VII Puerto Rico Laws 69, 80, 90, 100, and 115.

B.   That the plaintiff be compensated for all her economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $5,000,000.00. Also, the compensation of the statutory severance pay under Law 80.

C.   That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

D.   That damages be doubled as mandated by local law.

E.   That attorney's and expert's fees be awarded.

F.   That pre-judgment and post judgment interests be imposed.

G.   That cost and all litigation expenses be taxed.

H.   That Attorney Ocasio be reinstated to her position under conditions where her rights are not violated, with restitution of lost benefits. If reinstatement is not practicable, then, that she be awarded front pay.

I.   That back and front pay be awarded.

J.   That all benefits lost be compensated.

K.   That injunctive relief be ordered.

L.   That plaintiff be granted such other further relief as it may be deemed appropriate and proper, including an order directing the defendant to cease following a practice adverse to federal and local law.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, the 22nd day of January of 2026.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification electronically to all counsel of record.

s/Enrique J. Mendoza-Méndez
ENRIQUE J. MENDOZA MENDEZ
USDC-PR 202804

s/Enrique J. Mendoza-Sánchez
ENRIQUE J. MENDOZA SÁNCHEZ
USDC-PR 307805

s/Gilberto J. Oliveras Maldonado
GILBERTO J. OLIVERAS MALDONADO
USDC-PR 307701

**MENDOZA LAW OFFICES**
PO Box 9282
San Juan, PR 00908-0282
Tel. (787)722-5522 / 5530
Fax: (787) 723-7057
E-mail: mendozalo@yahoo.com

8